UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**WILLIAM CALVIN LUCE, II**,<br><br>Debtor.<br><br>**WILLIAM C LUCE, II** and **MELINDA LUCE**,<br><br>Plaintiffs.<br><br>-vs-<br><br>**PHH MORTGAGE SERVICES** and **WESTERN SECURITY BANK**,<br><br>Defendants. | Case No. **09-60332-7**<br><br><br><br><br><br>Adv No. **09-00052** |

# MEMORANDUM *of* DECISION

At Butte in said District this 26th day of January, 2010.

In this Adversary Proceeding, after due notice, trial in this matter was scheduled to commence on December 14, 2009. However, in lieu of trial, the Debtor/Plaintiffs, Western Security Bank (WSB) and PHH Mortgage Services (PHH) entered into and filed on December 14, 2009, a Stipulated Statement of Facts in Lieu of Testimony. The agreed facts, as set forth in the Stipulation, are as follows:

1. Jurisdiction is proper for this Court under the effect of 28 U.S.C. § 157(b)(2)(K).

Created by Neevia Document Converter trial version http://www.neevia.com

2. The Debtors/Plaintiffs, William Calvin Luce II and Melinda Luce (Luce) are husband and wife who currently reside in a home at Lot 1, of Moser Dome Acres Subdivision, in Yellowstone County, Montana, according to the official plat thereof on file in the office of the Clerk and Recorder of Yellowstone County, Montana (Subject Property).

3. Luce is a debtor under Chapter 7 of Title 11 of the United States Code. Luce filed for bankruptcy relief on March 12, 2009 and received a full discharge under 11 U.S.C. §§ 727 and 524 on June 30, 2009.

4. Luce filed this adversary proceeding on July 23, 2009. In the proceeding, Luce seeks to avoid the lien claim of PHH and to ensure that the lien of WSB is confirmed in a first position against the Subject Property. The proceeding was brought by Luce under Bankruptcy Rules 7001(2) and (9) for the purpose of seeking declaratory relief. PHH denies that the WSB lien is in first position and filed a counterclaim seeking an order confirming the first position of the lien of PHH.

5. By Deed of Trust dated January 20, 2004, Luce granted SEG Federal Credit Union a lien upon the Subject Property to secure payment of a loan. The Deed of Trust was recorded on January 21, 2004, in the real property records of the Clerk and Recorder of Yellowstone County, Montana.

6. On February 3, 2004, SEG Federal Credit Union prepared a Request for Reconveyance for the Subject Property. American Title and Escrow, trustee under the Deed of Trust, executed a Deed of Reconveyance, which was recorded by American Title and Escrow on February 12, 2004, in the real property records of the Clerk and Recorder of Yellowstone County, Montana. The recordation of the Request for Reconveyance caused title to the Subject Property to be

Created by Neevia Document Converter trial version http://www.neevia.com

reflected in the name of Luce free of any lien claim by SEG Federal Credit Union or PHH of record.

 7. Prior to the execution of the Request for Reconveyance, SEG Federal Credit Union assigned its rights under the loan with Luce to PHH, which assignment was recorded in the records of the Clerk and Recorder of Yellowstone County, Montana.  As a result, SEG was not the beneficiary of record for the Deed of Trust, and did not have authority to request the reconveyance.  American Title and Escrow remained the trustee under the Deed of Trust following its assignment to PHH.

 8. From February 12, 2004, the date of the recordation of the Request for Reconveyance, through the date of Luce's filing of its Chapter 7 petition and the entry of relief herein on March 12, 2009, none of the parties had actual knowledge of the Request for Reconveyance or the Deed of Reconveyance although all parties had constructive notice of the same by virtue of its recordation in the title records of Yellowstone County; neither SEG Federal Credit Union nor PHH filed or recorded any corrective instrument to reflect a lien in favor of either party upon the Subject Property; Luce continued to make payments on the debt secured by the Deed of Trust and included PHH as a secured creditor in the bankruptcy schedules.  PHH filed a proof of claim as a secured creditor for $148,394.96.

 9. By Deed of Trust dated September 4, 2008, Luce granted WSB a lien upon the Subject Property to secure payment of a loan.  At that time, WSB had obtained a mortgagee's title policy which did not reflect a lien upon the Subject Property.  However, because WSB was advised on loan application papers prepared by Luce and in credit reports obtained for the purposes of the loan application by Luce that Luce had an outstanding debt owed to PHH secured by the Subject

Created by Neevia Document Converter trial version http://www.neevia.com

property, WSB had actual notice of the existence of a lien claim by PHH to the Subject Property.

10. Luce and PHH admit that WSB holds a properly perfected lien against the Subject Property dating to September 4, 2008. PHH disputes that WSB holds a lien position against the Subject Property superior to its claim against the Subject Property.

In addition to the above facts, the parties each timely filed briefs in support of their respective positions. The matter is thus ripe for decision. This Memorandum of Decision sets forth the Court's findings of fact and conclusions of law.

The use of a trust indenture or a deed of trust to secure an indebtedness is made possible in Montana under the Small Tract Financing Act. *See* MONTANA CODE ANNOTATED ("MCA") § 71-1-301, *et seq*. Except as otherwise provided in Montana's Small Tract Financing Act, [a] trust indenture is deemed to be a mortgage on real property and is subject to all laws relating to mortgages on real property[.]" MCA § 71-1-305.

A "lien" is merely a charge or encumbrance on property which subjects property to the payment of claim or demand.[1] *Madison Fork Ranch v. L & B Lodge Pole Timber Products*, 189

---

[1] MCA § 71-3-113. defines the term "lien."

(1) A "general lien" is one which the holder thereof is entitled to enforce as a security for the performance of all the obligations or all of a particular class of obligations which exist in his favor against the owner of the property.

(2) A "lien" is a charge imposed in some mode other than by a transfer in trust upon specific property by which it is made security for the performance of an act. Liens are either general or special.

(3) A "special lien" is one which the holder thereof can enforce only as security for the performance of a particular act or obligation and of such obligations as may be incidental thereto.

Created by Neevia Document Converter trial version http://www.neevia.com

Mont. 292, 615 P.2d 900 (1980).  The general rule governing the priority of liens is that "[o]ther things being equal, different liens upon the same property have priority according to the time of their creation."   Liens are created by either contract or operation of law.  *See* MCA §§ 71-3-101, 71-3-102, and 71-3-104.  If a lien is created, the extent of the lien does not itself entitle the person in whose favor it exists to a lien on that property for the performance of any obligation other than that obligation to which the lien originally secured.  *See* MCA § 71-3-106.

With regard to the recording of liens, MCA § 71-1-207 reads:

> (1) Mortgages of real property may be acknowledged or proved, certified, and recorded in the same manner and with the same effect as grants of real property.
>
> (2) An assignment of a real estate mortgage may be recorded in the same manner as a real estate mortgage, and the record operates as legal notice to the mortgagor and all persons subsequently deriving title to the mortgage from the assignor as well as to all other persons, including subsequent purchasers, encumbrancers, mortgagees, or other lienholders. An assignment must contain the assignee's post-office address at the assignee's place of residence and may not be recorded or filed unless it contains the post-office address.

Further, "every conveyance of real property acknowledged or proved and certified and recorded as prescribed by law, from the time it is filed with the county clerk for record, is constructive notice of the contents thereof to subsequent purchasers and mortgagees."  MCA § 70-21-303.

The stipulated facts in this case show that Debtors submitted their real property for the payment of a debt owed to SEG Federal Credit Union on January 20, 2004.  SEG Federal Credit Union then assigned its right to payment under the Deed of Trust with Debtors to PHH, which assignment was recorded.  Thereafter, on February 3, 2004, SEG Federal Credit Union prepared a Request for Reconveyance for Debtors' real property, which Deed of Reconveyance was recorded by American Title and Escrow on February 12, 2004.

Created by Neevia Document Converter trial version http://www.neevia.com

Recording instruments in the central depositor of a county in which real property affected thereby is situated "enables a prospective purchaser to determine what kind of title he or she is obtaining without having to search beyond public records." *Blazer v. Wall,* 2008 MT 145, ¶ 73, 343 Mont. 173, 203, ¶ 73, 183 P.3d 84, 106, ¶ 73, citing 66 AM.JUR.2d Records and Recording Laws § 40 (2001). "Correspondingly, an instrument that is recorded as prescribed by law imparts constructive notice of its contents to all interested parties. *See* § 70-21-302(1), MCA; *Hausemant v. Koski*, 259 Mont. 489, 502, 857 P.2d 715, 718 (1993); *Guerin v. Sunburst Oil & Gas Co.*, 68 Mont. 365, 370, 218 P.2d 959, 951 (1923)." *Id*.

In this case, since the assignment to PHH was recorded, WSB was on constructive notice of PHH's assignment under MCA § 70-21-302(1). PHH did not discharge or release the Deed of Trust. Instead, SEG Federal Credit Union released a Deed of Trust in which it no longer had an interest. The recording of the assignment from SEG Federal Credit Union to PHH operates as notice of all PHH's rights as against any subsequent acts of the Debtors affecting the Deed of Trust, such as a subsequent and unauthorized discharge or release of the mortgage. *See e.g. Cornish v. Woolverton*, 32 Mont. 456, 81 P. 4 (1905). In addition, WSB had, or should of had constructive knowledge under § 70-21-302(1), MCA, that PHH was the party-in-interest under the January 21, 2004, Deed of Trust, and PHH did not release its interest thereunder.

For the reasons discussed above,

IT IS ORDERED that the Court will enter a separate Judgment in favor of the Defendant PHH Mortgage Services and against the Debtor/Plaintiffs; PHH Mortgage Services has a valid lien against Debtors' real property at Lot 1 Moser Dome Acres Subdivision, Yellowstone County, Montana, and the record should be reformed to reflect that SEG Federal Credit Union's

Created by Neevia Document Converter trial version http://www.neevia.com

Deed of Reconveyance is invalid and void; and the Debtor/Plaintiffs' Amended Complaint filed October 28, 2009, is dismissed with prejudice.

                                        BY THE COURT

                                        */s/ Ralph B. Kirscher*
                                        HON. RALPH B. KIRSCHER
                                        U.S. Bankruptcy Judge
                                        United States Bankruptcy Court
                                        District of Montana

Created by Neevia Document Converter trial version http://www.neevia.com