UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**WILLIAM CALVIN LUCE, II**,<br><br>Debtor. | Case No. **09-60332-7** |
| **WILLIAM C LUCE, II** and **MELINDA LUCE**,<br><br>Plaintiffs.<br><br>-vs-<br><br>**PHH MORTGAGE SERVICES** and **WESTERN SECURITY BANK**,<br><br>Defendants. | Adv No. **09-00052** |

# MEMORANDUM of DECISION

At Butte in said District this 25th day of March, 2010.

In this Adversary Proceeding, after due notice, a hearing was held March 9, 2010, in Billings on the Plaintiffs' Motion to Alter or Amend Judgment filed February 2, 2010, together with the opposition thereto by counsel for Defendant PHH Mortgage Services. James A. Patten of Billings, Montana, appeared at the hearing on behalf of the Plaintiffs and Mark E. Noennig of Billings, Montana, appeared at the hearing on behalf of PHH Mortgage Services. The Court heard argument from counsel, but no witness testimony or exhibits were offered.

1

Created by Neevia Document Converter trial version http://www.neevia.com

On January 26, 2010, this Court entered a Memorandum of Decision and Judgment in favor of PHH Mortgage Services and against the Debtor/Plaintiffs, concluding that PHH Mortgage Services had a valid lien against Plaintiffs' real property at Lot 1 Moser Dome Acres Subdivision, Yellowstone County, Montana, and the record should be reformed to reflect that SEG Federal Credit Union's Deed of Reconveyance is invalid and void. Based upon the foregoing, the Court dismissed the Debtor/Plaintiffs' Amended Complaint filed October 28, 2009, with prejudice.

The Plaintiffs request that the Court alter or amend the Judgement pursuant to Bankruptcy Rule 9023 and F.R.Civ.P. 59 by issuing judgment in favor of the Plaintiffs. The Plaintiffs assert that this Court overlooked facts and applicable law:

    (a)    The parties stipulated that:

    (i)    "The recordation of the Requests for Reconveyance caused title to the subject property to be reflected in the name of Luce free of any lien claims by SEG Federal Credit Union or PHH of record." (¶6, *Stipulation of Facts, Docket No. 25*);

    (ii)    "American Title and Escrow renamed [sic] the trustee under the Deed of Trust following its assignment to PHH." (*Stipulation of Facts, No. 7*);

    (iii)    "Neither SEG Federal Credit Union nor PHH filed or recorded any corrective instruments reflect [sic] a lien in favor of either party upon the subject property[.]" (*Stipulation of Facts No. 8*).

    (b)    As a matter of law the trustee, American Title and Escrow, who holds legal title to the property, transferred legal title of the property to the Plaintiffs. Thereafter, the trustee held no interest of any type or nature, without regard to whether the reconveyance was authorized by the beneficiary. Legal title is held by the trustee and not the beneficiary. M.C.A. § 71-1-303. The Montana Small Trust Indenture Act takes into account the situation currently faced, as a beneficiary has a claim against the trustee for an unauthorized reconveyance[.] M.C.A. § 71-1-310. This statutory provision has direct applicability here since

Created by Neevia Document Converter trial version http://www.neevia.com

the trustee, who held legal title, reconveyed that legal title before the obligation secured by the trust indenture was fully paid. The beneficiary's remedy lies against trustee.

The full text of the stipulated facts to which the Debtor/Plaintiffs refer above are as follows:

      6. On February 3, 2004, SEG Federal Credit Union prepared a Request for Reconveyance for the Subject Property. American Title and Escrow, trustee under the Deed of Trust, executed a Deed of Reconveyance, which was recorded by American Title and Escrow on February 12, 2004, in the real property records of the Clerk and Recorder of Yellowstone County, Montana. The recordation of the Request for Reconveyance caused title to the Subject Property to be reflected in the name of Luce free of any lien claim by SEG Federal Credit Union or PHH of record.

      7. Prior to the execution of the Request for Reconveyance, SEG Federal Credit Union assigned its rights under the loan with Luce to PHH, which assignment was recorded in the records of the Clerk and Recorder of Yellowstone County, Montana. As a result, SEG was not the beneficiary of record for the Deed of Trust, and did not have authority to request the reconveyance. American Title and Escrow remained the trustee under the Deed of Trust following its assignment to PHH.

      8. From February 12, 2004, the date of the recordation of the Request for Reconveyance, through the date of Luce's filing of its Chapter 7 petition and the entry of relief herein on March 12, 2009, none of the parties had actual knowledge of the Request for Reconveyance or the Deed of Reconveyance although all parties had constructive notice of the same by virtue of its recordation in the title records of Yellowstone County; neither SEG Federal Credit Union nor PHH filed or recorded any corrective instrument to reflect a lien in favor of either party upon the Subject Property; Luce continued to make payments on the debt secured by the Deed of Trust and included PHH as a secured creditor in the bankruptcy schedules. PHH filed a proof of claim as a secured creditor for $148,394.96.

Rule 59, Fed.R.Civ.P., incorporated into the Federal Rules of Bankruptcy Procedure by Rule 9023, provides in pertinent part: "A new trial may be granted to all or any of the parties and on all or part of the issues . . . (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United

Created by Neevia Document Converter trial version http://www.neevia.com

States. On a motion for a new trial in an action tried without a jury, the court may open the judgement if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." Under Rule 59(e), any "motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Rule 59(e) includes motions for reconsideration. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); 11 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE: Civil 2nd § 2810.1.

In *Brandt v. Esplanade of Central Montana, Inc., et al.* (*"Brandt"*), 19 Mont. B.R. 401, 403 (D. Mont. 2002), the District Court, in affirming this Court's decision, discussed amendment of an order under Rule 59(e): "Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. *School Dist. No. 1J, Mutnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)." *See also In re Teigen*, 11 Mont. B.R. 91, 92 (Bankr. D.Mont. 1992). A motion for reconsideration should not be granted if the above test is not met, absent highly unusual circumstances. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Finally, a Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

The Plaintiffs argue that this Court "made a clear error in its decision through its failure to recognize the stipulated facts that the recordation of the request for reconveyance caused title of the property to be reflected in the name of the Plaintiffs free of any lien claimed by SEG Federal

Created by Neevia Document Converter trial version http://www.neevia.com

Credit Union or PHH, that American Title and Escrow remained the trustee under the trust indenture and that PHH filed no corrective instrument to reflect a lien and [sic] on the subject property. Further, that clear error is shown by the Court's failure to recognize that American Title and Escrow, as a legal title holder, reconveyed legal title to the Plaintiffs in 2004 and that thereafter, there was no legal title held by American Title and Escrow for the benefit of either PHH or SEG. Finally, that this Court has committed clear error by failing to apply the Bankruptcy Code Provision § 524(a)(2) and (3) which prohibits any action to place a lien upon the property post discharge. The parties stipulated to a fact that there was no lien on the property as of the commencement of the case; that being the case, under application of the Bankruptcy Code there can be no lien placed on the property after discharge."

      The Court disagrees with Plaintiffs' arguments and instead agrees with the arguments of counsel for PHH Mortgage Services. By Deed of Trust dated January 20, 2004, Plaintiffs granted SEG Federal Credit Union ("SEG") a lien upon Plaintiffs' residence to secure payment of a loan. SEG assigned its rights under the loan with Plaintiffs to PHH Mortgage Services, which assignment was recorded in the records of the Clerk and Recorder of Yellowstone County, Montana. Following the assignment, SEG was not the beneficiary of record for the Deed of Trust and did not have authority to request a reconveyance of the deed. The parties stipulated that "[a]s a result, SEG was not the beneficiary of record for the deed of trust, and did not have authority to request the reconveyance." American Title and Escrow remained the trustee under the Deed of Trust following its assignment to PHH Mortgage Services.

      After assigning its rights under the Deed of Trust to PHH Mortgage Services, SEG prepared a Request for Reconveyance and American Title and Escrow, trustee under the Deed of

Created by Neevia Document Converter trial version http://www.neevia.com

Trust, executed a Deed of Reconveyance, which was recorded by American Title and Escrow on February 12, 2004, in the real property records of the Clerk and Recorder of Yellowstone County, Montana. Neither Plaintiffs nor PHH Mortgage Services had any knowledge that American Title and Escrow had recorded SEG's Deed of Reconveyance and in fact, Plaintiffs continued to make, and PHH Mortgage Services continued to accept the payments due under the Deed of Trust.

Based upon all of the stipulated facts, this Court, in its prior Memorandum of Decision and Order, ordered reformation of the record by voiding SEG's unauthorized Deed of Reconveyance. The Deed of Reconveyance was not done as a result of any mistake by PHH Mortgage Services and PHH Mortgage Services should have had a valid lien from the date it was assigned SEG's rights under the Deed of Trust.

Plaintiffs seek to rely on the fact that the Deed of Reconveyance caused title to be free of the claim of SEG or PHH Mortgage Services of record. While that was true, the reformation of the Deed of Reconveyance reinstates the Deed of Trust of record. The fact that American Title & Escrow remained the trustee under the Deed of Trust following its assignment to PHH Mortgage Services only means that American Title and Escrow was authorized to execute the Deed of Reconveyance upon request of the beneficiary authorized to do so. SEG had no such authority and thus, the Deed of Reconveyance was invalid.

Plaintiffs also observe that neither SEG nor PHH Mortgage Services filed any corrective instruments to reflect a lien. Again, Plaintiffs ignore the fact that the Deed of Trust constituted a recorded lien and the only party with any authority to request a deed of reconveyance was PHH Mortgage Services. Taking Plaintiffs' argument a step further, unscrupulous persons could improperly seek to record deeds of reconveyance, only to then claim that they own their property

Created by Neevia Document Converter trial version http://www.neevia.com

free and clear of any liens. While that is not the case here, where Plaintiffs did not play any role in the reconveyance and in fact, had no knowledge of the reconveyance until after Debtor sought bankruptcy protection, Plaintiffs' position would open a pandora's box for those individuals who are less than honest.

As the Court noted in January, the Deed of Trust is considered a mortgage creating a lien on Plaintiffs' property. *See* MONTANA CODE ANNOTATED ("MCA") § 71-1-305. Counsel for PHH Mortgage Services persuasively argues that with a deed of trust, legal title is transferred to the trustee only so far as may be necessary to the execution of the trust. *See Aviel v. Ng*, 161 Cal.App.4th 809, 74 Cal.Rptr.3d 200 (Cal. App. 1 Dist. 2008). When the loan is paid in full, the trustee cancels the deed of trust by virtue of a deed of reconveyance, restoring legal title to the borrower, who at all times retains equitable title in the real property. Such fact is demonstrated in the instant case by the fact that equitable title remained with Plaintiffs, even after the Deed of Trust was executed in favor of SEG and assigned to PHH. Otherwise, Plaintiffs would have had no power to execute another Deed of Trust for the benefit of Western Security Bank, the second mortgage holder. Both Deeds of Trust were validly executed granting title only insofar as was necessary to secure the liens involved. The loans were not repaid so there should have been no cancellation of either Deed of Trust. The Court finds no error in reforming the record.

Plaintiffs argument that this Court failed to apply 11 U.S.C. § 524(a)(2) and (3) is also misplaced. First, Plaintiff Melinda Luce is not a debtor in bankruptcy and has not received a discharge. Thus, PHH Mortgage Services cannot violate a discharge injunction where none exists. Second, the instant proceeding was commenced by the Plaintiffs on July 23, 2009, in the

Created by Neevia Document Converter trial version http://www.neevia.com

context of Debtor's bankruptcy proceeding and after Debtor's discharge was entered on June 30, 2009. PHH Mortgage Services did not initiate the proceeding and it certainly has not made an effort to collect a discharged debt as a personal liability of the Debtor. In sum, the Court once again finds that PHH Mortgage Services has a valid lien against Plaintiffs' real property at Lot 1 Moser Dome Acres Subdivision, Yellowstone County, Montana, and the record should be reformed to reflect that SEG's Deed of Reconveyance was invalid and void. Therefore, the Court will enter a separate order providing as follows:

IT IS ORDERED that Plaintiffs' Motion to Alter or Amend Judgment filed February 2, 2010, at docket entry no. 34, is DENIED.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana

Created by Neevia Document Converter trial version http://www.neevia.com